THOMAS F. HALPIN, JR., ET AL. v. CHARLES W. TILLOU
ET AL.

Decided November 24, 1924.

**Negligence—Motor Vehicle Collision—Two Cars in Collision at Street Corner—Defendant Counter-claims, Charging Responsibility on Plaintiff—Judgment for Plaintiff—Several Reasons for Making Rule Absolute Advanced—Application Denied.**

On defendants' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Max M. Stallman.*

*Contra, J. Harry Henegan* and *Joseph Kahrs.*

PER CURIAM.

The plaintiffs, father and son, bring this action to recover damages resulting from a collision between a car driven by the son and owned by the father, and a car driven by the defendant Wesley Tillou and owned by the latter's father. The plaintiff Halpin, Jr., sues to recover for personal injuries, and his father for damages done to the automobile. The collision occurred at the intersection of Ridge street and Ballantine parkway, in the city of Newark, late in the evening. The plaintiffs' contention was that the collision resulted solely from the negligence of Wesley Tillou, who was driving his father's car, with the latter's permission, as they alleged. The defendants denied liability, and counterclaimed, asserting that the accident was the result solely of the carelessness of Halpin, Jr. The jury affirmed the claim of the plaintiffs and found against the defendants on the counter-claim. The defendants applied for and obtained a rule to show cause, and we are now asked to make that rule

absolute for certain reasons, which will be discussed in their order.

The first reason advanced by the defendants for making the rule absolute is that the trial judge erred in refusing to charge the following request submitted by the defendants · "If you find that the plaintiff was negligent, either in not having his car under control, or in not making a proper observation, or in failing to sound his horn, or in not exhibiting lights, and any or all such omissions contributed in any degree to the happening of this accident, then plaintiff Halpin, Jr., cannot recover a verdict at your hands." It is enough to say, in disposing of this reason, that an examination of the instructions to the jury shows that the request was substantially charged, so far as it accurately stated the legal principle embodied in it.

The next reason submitted by the defendants for setting aside the verdict is that the trial court erred in refusing to charge the following request: "If you find the plaintiff did not give any audible warning, and did not display such lights, he was guilty of negligence." This request was properly refused, for a failure to obey provisions of the Traffic law. although evidential on the question of negligence, is not conclusive upon that point.

Next, it is urged that the trial court erred in instructing the jury that Halpin, Jr., had the right of way, and in refusing to charge that he did not have the right of way unless, in the exercise of reasonable care, it was apparent to him that he could cross in safety. We do not find the instruction complained of embodied in the charge as sent up with the state of the case, and, therefore, the question of its correctness is not involved on this rule. As to the refusal to charge, we think the action of the trial judge was proper. The two automobiles met at the intersection of two streets in the city of Newark, as has already been stated. The plaintiff Halpin, Jr., was aproaching the intersection from the right of the defendants' car. Under the provisions of the Motor Vehicle law, therefore, he had the right of way over the defendant Tillou, Jr., and the fact that, in exercising it, he would not

only put himself in jeopardy, but would also have endangered the safety of the person who unlawfully refused to recognize that right, did not operate to destroy it. The most that can be said in favor of the defendants is that, if the plaintiff Halpin, Jr., had attempted to exercise it when it was apparent to him by doing so he would have placed himself and other in jeopardy, he would have been grossly negligent in so doing.

The next reason advanced by the defendants for making the rule absolute is that the trial court improperly refused to charge the following request: "If on the whole case you are not satisfied from the evidence as to how the accident occurred, and are compelled to resort to guesswork or speculation, your verdict must be for the defendants in the plaintiffs' suit." The refusal was proper. The function of the jury was to render a verdict on the evidence submitted to it, and the court properly charged the law on the question of the weight of that evidence. This was all that the trial judge was required to do.

The next ground urged for making the rule absolute is that the trial court erred in stating to the jury that there was testimony in the case that the speedometer on the defendants' car registered thirty-eight miles an hour when it was looked at after the accident occurred, and in leaving it to the jury as to whether that fact was of any significance. The statement of the trial judge was entirely justified by the proof, and its significance was a matter for the determination of the jury. We find nothing of merit in this contention.

The next reason for making the rule absolute is based upon the alleged error of the trial court in charging the jury that, if they found that both of these young men were negligent in the operation of their respective cars, there could be no recovery either by one or the other of them or by their fathers; and in refusing to charge that, if the accident was caused by the negligence of Halpin, Jr., then Tillou, Sr., was entitled to recover the damages and expenses which he had incurred. We find it unnecessary to consider the question

whether either the instruction or refusal was erroneous, for the reason that the finding of the jury, by necessary implication, exonerated Halpin, Jr., from any negligence contributing to the accident, and, consequently, the action of the trial judge exploited in this last ground for making the rule absolute was harmless to the defendants, even if erroneous.

The only other grounds for making the rule absolute, which have been argued before us, are that there should have been a nonsuit, and that the finding of the jury was against the weight of the evidence. Our examination of the case leads us to the conclusion that there is no merit in either of these contentions.

The rule to show cause will be discharged.